UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CLAUDIO DAREZZO,

                                     Plaintiff,

               -v-

200 NINTH RESTAURANT LLC, *d/b/a*
The Meatball Shop, et al.,

                                  Defendants.

| | | | |
|---|---|---|---|
| USDC SDNY | | | |
| DOCUMENT | | | |
| ELECTRONICALLY FILED | | | |
| DOC #: _____ | | | |
| DATE FILED: 1/14/2015 | | | |

14 Civ. 9081 (PAE)

------------------------------------------------------------------X

JOSEPH PARENTEAU,

                                       Plaintiff,

14 Civ. 5099 (PAE)

               -v-

200 NINTH RESTAURANT LLC, *d/b/a*
The Meatball Shop, et al.,

OPINION & ORDER

                                  Defendants.

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Pending before the Court is a motion by the defendants to consolidate these two actions.

These two lawsuits were filed by different plaintiffs, a few months apart, against the same two

defendants: (1) a restaurant and bar (200 Ninth Restaurant LLC, which does business as "The

Meatball Shop") and (2) its landlord (200 Chelsea Corp.), which owns the property. The two

plaintiffs, who both use wheelchairs, bring fundamentally the same core claim: that The Meatball

Shop is inaccessible for disabled individuals and therefore the defendants have violated, *inter*

*alia*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, the New York

City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL").  Because the Court has determined that these two cases involve significant common questions, the Court grants defendants' motion to consolidate these two cases, for all pretrial purposes.  Following the close of discovery and the resolution of any summary judgment motions, the Court will determine, if necessary, whether consolidation of these actions for a common trial is also merited (as appears likely).

## I.       Factual and Procedural Background[1]

On July 8, 2014, plaintiff Joseph Parenteau ("Parenteau") filed a Complaint, alleging that the defendants violated Title III of the ADA, the NYCHRL, and the NYSHRL based on, *inter alia*, architectural barriers to access at The Meatball Shop, which is located at 200 Ninth Avenue in Manhattan.  14 Civ. 5099, Dkt. 1 ("Parenteau Compl.").  Parenteau's Complaint alleges that, *inter alia*, (1) the front entrance violates these statutes because it lacks a ramp or wheelchair lift, and the front doors specifically are not ADA-compliant; (2) the restaurant lacks an accessible means of egress; (3) the restroom is not currently ADA-compliant; and (4) the bar is inaccessible to a customer in a wheelchair.  *Id.* ¶ 16.  Parenteau alleges that The Meatball Shop failed to make readily achievable accommodations.  *Id.* ¶ 18.  Parenteau seeks compensatory damages, a declaratory judgment, injunctive relief, and attorneys' fees and costs.  *Id.* ¶¶ 29, 31, 32.

On November 14, 2014, plaintiff Claudio Darezzo ("Darezzo") filed a Complaint, alleging that the same defendants violated Title III of the ADA, the NYCHRL, the NYSHRL, and the New York State Civil Rights Law ("NYSCRL"), and also committed common-law negligence, based on, *inter alia*, architectural barriers to access at The Meatball Shop.  14 Civ.

---

[1] These background facts are derived from the two plaintiffs' Complaints, 14 Civ. 5099, Dkt. 1 ("Parenteau Compl."); 14 Civ. 9081, Dkt. 1 ("Darezzo Compl.").  The Court provides these facts merely as background, and does not assume the truth of any allegation.

9081, Dkt. 1 ("Darezzo Compl.").  Darezzo's Complaint alleges that, *inter alia*, (1) the front entrance violates these statutes because it lacks a ramp or wheelchair lift, and the front doors specifically are not ADA-compliant; (2) the restaurant lacks an accessible means of egress; (3) the restroom is not currently ADA-compliant; and (4) the bar is inaccessible to a customer in a wheelchair.  *Id.* ¶ 22.  Darezzo alleges that The Meatball Shop failed to make readily achievable accommodations.  *Id.* ¶ 32.  Darezzo seeks compensatory damages, a declaratory judgment, injunctive relief, attorneys' fees and costs, punitive damages, and a ruling that defendants are guilty of a Class A misdemeanor for violating the NYSCRL.  *Id.*, pp. 13–15.

Defendants answered both Complaints, denying plaintiffs' allegations and raising the same 20 affirmative defenses in each Answer.  *See* 14 Civ. 5099, Dkt. 11; 14 Civ. 9081, Dkt. 10.

On December 22, 2014, defendants moved to consolidate these two cases and submitted a brief in support.  14 Civ. 5099, Dkt. 19–21; 14 Civ. 9081, Dkt. 11–13.  On December 24, 2014, the Court issued an Order directing plaintiffs to inform the Court whether they opposed defendants' motion.  Darezzo does not oppose the motion, *see* 14 Civ. 9081, Dkt. 15; Parenteau, by contrast, filed a brief in opposition to the consolidation motion, *see* 14 Civ. 5099, Dkt. 24 ("Parenteau Opp. Br.").

## II.    Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

This Rule "empowers a trial judge to consolidate actions for trial"—or for more limited purposes, such as pretrial proceedings—"when there are common questions of law or fact," and

where consolidation will avoid needless costs or delay. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion. In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citations and internal quotation marks omitted). "Typically, considerations of judicial economy favor consolidation, but 'the benefits of efficiency can never be purchased at the cost of fairness.'" *M & T Mortg. Corp. v. White*, No. 04 Civ. 4775 (WFK) (VVP), 2012 WL 715896, at *1 (E.D.N.Y. Feb. 14, 2012) (quoting *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993)), *report and recommendation adopted*, No. 04 Civ. 4775 (WFK) (VVP), 2012 WL 954651 (E.D.N.Y. Mar. 5, 2012). Before a Court orders a consolidated *trial*, it must consider several factors and determine, *inter alia*, whether the gains in efficiency and economy are outweighed by the "risks of prejudice and possible confusion." *Johnson*, 899 F.2d at 1284 (citation and internal quotation marks omitted).[2]

## III. Discussion

The Court holds that consolidation of these cases is clearly merited, at least for pretrial purposes such as discovery and the resolution of dispositive pretrial motions. Both plaintiffs have sued the same two defendants, concerning the same facility—The Meatball Shop—and

---

[2] More specifically, when determining whether to hold a consolidated trial, the Court must consider "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. When considering consolidation, a court should also note that the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff." *Johnson*, 899 F.2d at 1285 (citations and internal quotation marks omitted).

have brought parallel and highly similar claims under the ADA and parallel state and city laws: to wit, that The Meatball Shop unlawfully discriminated against the plaintiffs based on the facility's inaccessibility to those individuals who use wheelchairs.  Plaintiffs, in fact, make certain identical claims of ADA violations in their Complaints, including that: (1) the front entrance violates the anti-discrimination statutes because it lacks a ramp or wheelchair lift, and because the front doors are not ADA-compliant; (2) the restaurant lacks an accessible means of egress; (3) the restroom is not ADA-compliant; and (4) the bar is inaccessible to a customer using a wheelchair.  Given these similarities, it is perhaps unsurprising that Parenteau and Darezzo seek largely the same remedies, including compensatory damages, a declaratory judgment, injunctive relief, and attorneys' fees and costs.

Parenteau's and Darezzo's claims also turn on entirely the same—or at a minimum, virtually all the same—evidence.  Most centrally, Parenteau and Darezzo will need to inspect the same property and depose the same witnesses.  Consolidation will "eliminate unnecessary repetition," reduce the costs for *all* parties, and avoid the possible risk of inconsistent rulings. *Devlin*, 175 F.3d at 130.  The Court therefore holds that these two cases obviously present a host of common questions of law *and* fact, including whether The Meatball Shop and its landlord violated the ADA, the NYCHRL, and the NYSHRL based on the derelictions alleged in both Complaints.

Recognizing the obvious inefficiency of separate proceedings, Darezzo does not oppose defendants' motion for consolidation; Parenteau, however, the first plaintiff to bring suit, does. Parenteau's arguments include the following: (1) these two cases "are not entirely consistent with one another," because one alleges 18 ADA violations, whereas the other alleges 20 ADA violations, Parenteau Opp. Br. ¶ 1; (2) these two cases involve different plaintiffs who are

unrelated to each other, *id.* at ¶ 3; (3) Darezzo asserts two causes of action not asserted by Parenteau, namely a negligence claim and a NYSCRL claim, *id.* ¶¶ 5–6; (4) Darezzo seeks punitive damages whereas Parenteau does not, *id.* ¶ 7; and (5) an out-of-circuit case found consolidation unwarranted where the same plaintiff sued two different defendants alleging ADA violations, *id.* at p. 3 (citing *Rapport v. Lalji, Inc.*, No. 06 Civ. 61270 (S.D. Fla. Nov. 15, 2006)).

None of these arguments, considered individually or together, is remotely persuasive, given that Rule 42(a) permits consolidation where the "actions before the court involve a common question of law or fact." That these two actions have a variety of common questions of both law and fact is beyond serious dispute. Parenteau's argument seems to imply, incorrectly, that consolidation is merited only where the actions are literally identical. And Parenteau's attempted analogy to *Rapport* is unconvincing because that case involved the same *plaintiff* suing *different* defendants. As Parenteau himself recognizes, that ADA case "did not involve the same Subject Facility." Parenteau Opp. Br. 3. And it is *the facility*'s accommodations (or lack thereof) that form the crux of an ADA dispute.

The Court therefore rejects Parenteau's arguments and consolidates these two cases, for all pretrial purposes. The Court will subsequently determine, after discovery and any motions for summary judgment, whether to hold a consolidated trial, if necessary.

In light of this holding, the Court directs counsel for plaintiffs Parenteau and Darezzo to meet and confer within the next week, and draft a proposed revised Civil Case Management Plan and Scheduling Order. Given the addition of a new plaintiff, the new deadline for (consolidated) fact discovery shall be May 1, 2015. The plaintiffs shall then confer with the defendants regarding the parties' proposed revised Civil Case Management Plan and Scheduling Order. The Court directs the parties (*i.e.*, both plaintiffs and both defendants) to jointly submit their revised

6

Civil Case Management Plan and Scheduling Order by Friday, **January 23, 2015**.  If the parties

fail to do so, the Court will hold a case conference on Tuesday, **January 27, 2015**, at **2:30 p.m.**,

which lead counsel for each party will be expected to attend in person.

**CONCLUSION**

For the foregoing reasons, the Court grants defendants' motion for consolidation, for all

pretrial purposes.  The Clerk of Court is directed to terminate the motions pending at 14 Civ.

5099, Dkt. 19; and 14 Civ. 9081, Dkt. 11.


SO ORDERED.

_Paul A. Engelmayer_
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: January 14, 2015
       New York, New York